Scott D. Baker (SBN 84923)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

Mailing Address:
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:  415.543.8700
Facsimile:   415.391.8269
Attorneys for Defendant General Sales and Service, Inc.

Robert W. Payne (SBN 73901)
LaRIVIERE, GRUBMAN & PAYNE LLP
P.O. Box 3140
19 Upper Ragsdale Dr.
Monterey, CA 93942-3140

Telephone: 831.649.8800
Facsimile: 831.649.8835
Attorneys for Plaintiff Torco International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORCO INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL SALES AND SERVICE, INC., a Michigan corporation; and DOES 5-50 inclusive,<br><br>Defendants. | No. C 06 2033 MMC<br><br>[PROPOSED] **STIPULATED PROTECTIVE ORDER** |

## PROTECTIVE ORDER

IT IS ORDERED THAT:

1.  All confidential information produced or exchanged in the course of this litigation shall be used only for the purpose of this litigation.

2.  Information designated as "CONFIDENTIAL" which is produced by a party or non-party shall be protected by all other parties, and may include information contained in documents, information revealed during a deposition or in an interrogatory answer, or revealed in any other

1  manner. A party may use this designation only where it has a good faith belief that the information
2  to be produced is confidential.

3      3.    Information designated as "CONFIDENTIAL-COUNSEL ONLY" or, alternatively,
4  "CONFIDENTIAL-ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL-COUNSEL
5  ONLY/CONFIDENTIAL-ATTORNEYS' EYES ONLY") which is produced by a party shall be
6  protected by all other parties, and may include information contained in a document, information
7  revealed during a deposition or an interrogatory answer, or revealed in any other matter. A party
8  may use this designation only for financial, accounting, pricing, cost data or estimates, customer
9  lists, sales records or projections, strategic competitive plans or other documents, sensitive technical
10  data, or similar documents, including information already protected by separate confidentiality
11  provisions. Information bearing this designation shall be disclosed in the manner provided by this
12  Order only to counsel involved in the litigation and not their respective parties. An attorney who
13  received information pursuant to this section may reveal it to his or her experts or consultants only
14  for the purpose of this litigation.

15      4.    Information designed as "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL
16  ONLY/CONFIDENTIAL-ATTORNEYS' EYES ONLY" (hereinafter jointly referred to as
17  "confidential") shall be produced, received or reviewed only by "authorized" persons.. For purposes
18  of this Order, an authorized person means:

19      a.    An attorney involved in the litigation;

20      b.    An employee of a party involved in the litigation;

21      c.    An agent or employee of an attorney or party involved in this litigation to whom
22      it is necessary that the information be shown for any related purpose (i.e., clerical
23      or other assistant);

24      d.    An individual retained by a party or its attorneys in this litigation solely for the
25      purpose of trial preparation (i.e., experts, consultants or other assistants) who have
26      previously executed a "Declaration" in the form of Exhibit A (attached); or

27
28

STIPULATED PROTECTIVE ORDER
CASE NO. C 06 2033 MMC

e. Any other person who is so designated by a written stipulation of the parties or an Order of this Court.

5. Signed Declarations shall be retained by counsel for the respective party.

6. A party producing confidential information shall be responsible for marking any such materials as "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY/CONFIDENTIAL-ATTORNEYS' EYES ONLY" A copy of a confidential document shall receive the same level of protection as an original.

7. A party which has designated information as "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY/CONFIDENTIAL-ATTORNEYS' EYES ONLY" may change or cancel such designation at any time.

8. Confidential information disclosed at the deposition of a party (including its present or former officers, directors, employees, agents or retained experts or consultants) may be protected by noting that the information is subject to the provisions of this Order. A party may also protect confidential information disclosed at a deposition by serving written notice on all parties on the specific pages and lines of the transcript or exhibits which are intended to be confidential, within thirty (30) days of receipt of the transcript. Each party shall then attach a copy of the notice to the face of the transcript and each copy in its possession, custody or control.

9. No information designated as "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY/CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be provided to any competitor of the party producing the information without first receiving the written agreement of that party.

10. The unintentional production of confidential information by a producing party (regardless of whether the information was so designated at the time of disclosure) shall not be deemed a waiver in whole or part of a party's claim of confidentiality, either as to the specific information disclosed or any other related information.

11. A party shall not be required to challenge the propriety of a confidential designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge to it. In the event that a party disagrees at any state of these proceedings with the confidential designation of a

1  producing party, the parties shall first attempt to resolve this issue on their own before seeking relief
2  from the Court.

3      12.    A party that seeks to file under seal any information designated as
4  "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY/CONFIDENTIAL-ATTORNEYS'
5  EYES ONLY" must comply with Civil Local Rule 79-5. A party filing a document containing
6  confidential information with the Court in this litigation shall use sealed envelope(s) prominently
7  marked with the case caption and the following notation:

**THIS ENVELOPE CONTAINS**

**CONFIDENTIAL MATERIALS**

**TO BE OPENED ONLY AS DIRECTED BY THE COURT**

The Court Clerk is directed to maintain documents filed pursuant to this paragraph in a separate section of the Court file not available to the public.

    13.    Information designated as confidential may be used during any proceeding in this litigation and may be offered in evidence at the trial subject to the court rules and rules of evidence, but may not be used for any other purpose. A party seeking to use confidential information in a court proceeding shall give the Judge and the opposing party reasonable notice of its intent to use such information so that the Judge may determine the precise manner in which the confidential information is to be received in Court.

    14.    At the conclusion of this litigation, a party who has received tangible confidential information shall return it to the producing party upon request. Upon request, counsel for the party that has received confidential information shall certify to the Court that any notes, memoranda, summaries, exhibits or other written or graphic materials prepared from the confidential information produced pursuant to this Order, have been returned or destroyed. Any Order dismissing a party or terminating this litigation shall contain a provision that this Order shall remain in full force and effect, and that the Court retains jurisdiction for purposes of enforcing this Order.

    15.    This Order shall not affect or impair the right of any person or party to raise or assert any defense, privilege or objection to the production or use of any information involved in the litigation.

STIPULATED PROTECTIVE ORDER
CASE NO. C 06 2033 MMC

16. This Order shall not preclude any party from enforcing its rights against another party or any third party believed to be violating the rights of such party.

17. As officers of this Court, all counsel involved in the litigation shall use their best efforts to resolve issues relating to the terms of this Order without Court intervention.

18. As officers of this Court, all counsel involved in the litigation shall use their best efforts to ensure that their respective parties and representatives fully comply with the terms of this Order.

19. This Order shall be applicable to all further proceedings in the litigation, and the Court retains jurisdiction to make any modifications to this Order on its own initiative or upon request of any party.

**Pursuant to stipulation, IT IS SO ORDERED.**

Dated: __September 21__, 2006    
                                  United States District Judge

STIPULATED PROTECTIVE ORDER
CASE NO. C 06 2033 MMC

**I STIPULATE TO ENTRY OF THE ABOVE ORDER.**

LaRIEVERE, GRUBMAN & PAYNE LLP

Dated: September 15, 2006      By: _____
Robert W. Payne
Attorneys for Plaintiff
Torco International Corporation

DATED: September 19, 2006.

REED SMITH LLP

By _____
Scott D. Baker
Attorneys for Defendant
General Sales and Service, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

STIPULATED PROTECTIVE ORDER