Scott D. Baker (SBN 84923)
James A. Daire (SBN 239637)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

Mailing Address:
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    415.543.8700
Facsimile:    415.391.8269
Attorneys for Defendant General Sales and Service, Inc.

Robert W. Payne (SBN 73901)
LaRIVIERE, GRUBMAN & PAYNE LLP
P.O. Box 3140
19 Upper Ragsdale Dr.
Monterey, CA 93942-3140

Telephone: 831.649.8800
Facsimile: 831.649.8835
Attorneys for Plaintiff Torco International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORCO INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL SALES AND SERVICE, INC., a Michigan corporation; and DOES 5-50 inclusive,<br><br>Defendants. | No. C 06 2033 MMC<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

## PROTECTIVE ORDER

IT IS ORDERED THAT:

1.  All confidential information produced or exchanged in the course of this litigation shall be used only for the purpose of this litigation.

2.  Information designated as "CONFIDENTIAL" which is produced by a party or non-party shall be protected by all other parties, and may include information contained in documents,

information revealed during a deposition or in an interrogatory answer, or revealed in any other manner. A party may use this designation only where it has a good faith belief that the information to be produced is confidential.

3. Information designated as "CONFIDENTIAL-COUNSEL ONLY" or, alternatively, "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL-COUNSEL ONLY/HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY") which is produced by a party shall be protected by all other parties, and may include information contained in a document, information revealed during a deposition or an interrogatory answer, or revealed in any other matter. A party may use this designation only for financial, accounting, pricing, cost data or estimates, customer lists, sales records or projections, strategic competitive plans or other documents, sensitive technical data, or similar documents, including information already protected by separate confidentiality provisions. Information bearing this designation shall be disclosed in the manner provided by this Order only to counsel involved in the litigation and not their respective parties. An attorney who received information pursuant to this section may reveal it to his or her experts or consultants only for the purpose of this litigation.

4. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY/HIGHLYCONFIDENTIAL-ATTORNEYS' EYES ONLY" (hereinafter jointly referred to as "confidential") shall be produced, received or reviewed only by "authorized" persons. For purposes of this Order, an authorized person means:

    a. An attorney involved in the litigation;

    b. An employee of a party involved in the litigation (unless designated as "CONFIDENTIAL-COUNSEL ONLY/HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY");

    c. An agent or employee of an attorney or party involved in this litigation to whom it is necessary that the information be shown for any related purpose (i.e., clerical or other assistant), unless designated as "CONFIDENTIAL-COUNSEL ONLY/HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in which case it may only be shown to an agent or employee of the attorney involved in this

2

STIPULATED PROTECTIVE ORDER
CASE NO. C 06 2033 MMC

litigation to whom it is reasonably necessary to disclose the information for this litigation and who have signed the Declaration attached as Exhibit A;

    d. An individual retained by a party or its attorneys in this litigation solely for the purpose of trial preparation (i.e., experts, consultants or other assistants), unless designated as "CONFIDENTIAL-COUNSEL ONLY/HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in which case it may only be shown to experts or consultants of the attorneys involved in this litigation, who have previously executed a "Declaration" in the form of Exhibit A (attached); or

    e. Any other person who is so designated by a written stipulation of the parties or an Order of this Court.

5. Signed Declarations shall be retained by counsel for the respective party.

6. A party producing confidential information shall be responsible for marking any such materials as "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY/HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY". A copy of a confidential document shall receive the same level of protection as an original.

7. A party which has designated information as "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY/HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may change or cancel such designation at any time.

8. Confidential information disclosed at the deposition of a party (including its present or former officers, directors, employees, agents or retained experts or consultants) may be protected by noting that the information is subject to the provisions of this Order. A party may also protect confidential information disclosed at a deposition by serving written notice on all parties on the specific pages and lines of the transcript or exhibits which are intended to be confidential, within thirty (30) days of receipt of the transcript. Each party shall then attach a copy of the notice to the face of the transcript and each copy in its possession, custody or control.

9. No information designated as "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY/HIGHLYCONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be provided to any

3

STIPULATED PROTECTIVE ORDER
CASE NO. C 06 2033 MMC

competitor of the party producing the information without first receiving the written agreement of that party.

10. The unintentional production of confidential information by a producing party (regardless of whether the information was so designated at the time of disclosure) shall not be deemed a waiver in whole or part of a party's claim of confidentiality, either as to the specific information disclosed or any other related information.

11. A party shall not be required to challenge the propriety of a confidential designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge to it. In the event that a party disagrees at any state of these proceedings with the confidential designation of a producing party, the parties shall first attempt to resolve this issue on their own before seeking relief from the Court.

12. A party that seeks to file under seal any information designated as "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY/HIGHLYCONFIDENTIAL-ATTORNEYS' EYES ONLY" must comply with Civil Local Rule 79-5. A party filing a document containing confidential information with the Court in this litigation shall use sealed envelope(s) prominently marked with the case caption and the following notation:

**THIS ENVELOPE CONTAINS**

**CONFIDENTIAL MATERIALS**

**TO BE OPENED ONLY AS DIRECTED BY THE COURT**

The Court Clerk is directed to maintain documents filed pursuant to this paragraph in a separate section of the Court file not available to the public.

13. Information designated as confidential may be used during any proceeding in this litigation and may be offered in evidence at the trial subject to the court rules and rules of evidence, but may not be used for any other purpose. A party seeking to use confidential information in a court proceeding shall give the Judge and the opposing party reasonable notice of its intent to use such information so that the Judge may determine the precise manner in which the confidential information is to be received in Court.

4

STIPULATED PROTECTIVE ORDER
CASE NO. C 06 2033 MMC

14. At the conclusion of this litigation, a party who has received tangible confidential information shall return it to the producing party upon request. Upon request, counsel for the party that has received confidential information shall certify to the Court that any notes, memoranda, summaries, exhibits or other written or graphic materials prepared from the confidential information produced pursuant to this Order, have been returned or destroyed. Any Order dismissing a party or terminating this litigation shall contain a provision that this Order shall remain in full force and effect, and that the Court retains jurisdiction for purposes of enforcing this Order.

15. This Order shall not affect or impair the right of any person or party to raise or assert any defense, privilege or objection to the production or use of any information involved in the litigation.

16. This Order shall not preclude any party from enforcing its rights against another party or any third party believed to be violating the rights of such party.

17. As officers of this Court, all counsel involved in the litigation shall use their best efforts to resolve issues relating to the terms of this Order without Court intervention.

18. As officers of this Court, all counsel involved in the litigation shall use their best efforts to ensure that their respective parties and representatives fully comply with the terms of this Order.

19. This Order shall be applicable to all further proceedings in the litigation, and the Court retains jurisdiction to make any modifications to this Order on its own initiative or upon request of any party.

**Pursuant to stipulation, IT IS SO ORDERED.**

Dated: November 29, 2006

_Maxine M. Chesney_
United States District Judge

1
2  **I STIPULATE TO ENTRY OF THE ABOVE ORDER.**
3
                                                        LaRIVIERE, GRUBMAN & PAYNE LLP
4
5  DATED: November 28, 2006      By: /s/ Robert W. Payne
                                                        Robert W. Payne
6                                                          Attorneys for Plaintiff
7                                                          Torco International Corporation
8
9                                                 REED SMITH LLP
10
11  DATED: November 28, 2006      By: /s/ Scott D. Baker
                                                        Scott D. Baker
12                                                          James A. Daire
13                                                          Attorneys for Defendant
                                                         General Sales and Service, Inc.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of TORCO INTERNATIONAL CORPORATION v. GENERAL SALES AND SERVICE, INC. and DOES 1 THROUGH 50, Case No. C 06-2033 MMC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

7

STIPULATED PROTECTIVE ORDER
CASE NO. C 06 2033 MMC